WEIS, Respondent, v. NORWICH UNION FIRE INS. SOC., LTD., Appellant.

(231 N. W. 292.)

(File No. 6886. Opinion filed June 24, 1930.)

*L. E. Waggoner,* of Sioux Falls, for Appellant.

*Windsor Doherty,* of Winner, and *George Buffington,* of Dallas, for Respondents.

BROWN, P. J. During the lifetime of a fire insurance policy for $1,000 issued by appellant to Weis Mercantile Company and covering a stock of merchandise in Millboro in Tripp county, the insured property was destroyed by fire about 6 o'clock in the eve-

ning of December 12, 1926. The property was insured in two other companies; the total insurance carried being $4,000. The companies were notified of the loss, proof of loss made and examination of the premises, and negotiations for adjustment of the loss were undertaken by the Western Adjustment Company of Sioux Falls, assuming to act on behalf of the several companies. Mr. Waggoner, the attorney for the appellant on this appeal, assumed to represent and act for the companies as attorney in these negotiations, and a settlement on the basis of $3,250 in full for the loss was agreed upon, this amount to be paid pro rata by the several companies, the share for which appellant was to be liable being $812.50. About the latter part of April or beginning of May, 1927, checks for the several amounts which each company was to pay were sent to the local insurance agent at Dallas to be turned over to the insured. Two of these checks were delivered to the insured, but, on account of a garnishment proceeding against Elmer Weis, husband of respondent, appellant's check for $812.50 was held up, and later was recalled by, and returned to, appellant. The garnishment proceeding was settled and dismissed, and the adjusting agent and Mr. Waggoner notified thereof, and about the month of April, 1928, a request made that the $812.50 due from appellant be paid. In response to this request, the adjustment company wrote that appellant did not believe that it could be held on the liability, and payment was refused. At the trial, both parties moved for a directed verdict. The judge took the case from the jury, and made findings and conclusions in favor of plaintiff, and, from a judgment on the decision and an order denying a new trial, defendant appeals.

■ Appellant contends that Elmer Weis was in reality the owner of the stock of goods, that in proofs of loss submitted to the company he was represented as the owner, while on the trial plaintiff testified that she was the sole and unconditional owner of the property; and it is further contended that the action, not having been brought within a year after the fire, is barred by the terms of the policy. All question as to misrepresentations of the ownership of the property destroyed was waived by the appellant sending a supplemental proof of loss made out on behalf of Weis Mercantile Company, Margaret Weis, and Elmer Weis, which was executed by both Elmer and Margaret and sent in to the adjustment

company, and the check for the $812.50 share of the loss to be paid by appellant was made payable to Elmer Weis, Margaret Weis, and Weis Mercantile Company. Appellant's defense on the ground that there was a misrepresentation as to the ownership of the property is a mere quibble, and cannot be sustained.

The contention that there was a breach of the conditions of the policy on the part of the insured by failure to keep proper books of account and keep them in an iron safe, and that therefore no recovery can be had, is likewise untenable. The undisputed testimony shows that the adjusting agent was fully informed about all these matters before the adjustment and settlement was made, and the claimed breach of conditions in the policy, if any such breach existed, was waived.

To the defense that the action was not commenced within a year from the date of the fire, it might well be replied that by its conduct appellant had waived that provision in the policy. Without passing on this point, it is enough to say that the complaint states facts sufficient to constitute a cause of action for the amount agreed upon as a settlement and demands judgment for $812.50 and interest, that the evidence sustains such a cause of action, and the findings and judgment of the court are for $812.50 and interest, and to this cause of action the provision requiring an action on the policy to be begun within a year after the fire does not apply. Farmers' & Merchants' Insurance Co. v. Chesnut, 50 Ill. 111, 99 Am. Dec. 492.

The judgment and order appealed from are affirmed.

POLLEY, SHERWOOD, and BURCH, JJ., concur.

CAMPBELL, J., concurs in the result.